IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Phillip Rodney Garrett,<br>Petitioner, | )<br>)<br>) |
| v. | )    1:10cv1189 (TSE/TRJ) |
| | ) |
| Commonwealth of Virginia,<br>Respondent. | )<br>) |

MEMORANDUM OPINION

Phillip Rodney Garrett, who is currently civilly committed to the Virginia Center for Behavioral Rehabilitation, and proceeding pro se and has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner challenges the constitutionality of his commitment as a sexually violent predator pursuant to a final judgment of the Circuit Court of Fairfax County, Virginia. On July 11, 2011, respondent filed a Rule 5 Answer accompanied by a Motion to Dismiss and supporting brief. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a reply. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed.

I. Background

Petitioner is detained pursuant to a final judgment of the Circuit Court of Fairfax County, Virginia, entered on September 28, 2009. The judgment committed petitioner as a sexually violent predator under the authority of Virginia Code § 37.2-908 and § 37.2-909. Commonwealth v. Garrett, No. 2008-15503. Petitioner appealed his commitment to the Supreme

Court of Virginia, raising the following claims:

    (1) The Virginia Civil Commitment of Sexually Violent Predators Act ("The Act") is punitive in nature.

    (2) The Act denies prisoners subject to it their rights to effective assistance of counsel, equal protection of the laws, and due process of law because it fails to provide indigent subjects with a court-appointed expert prior to the probable cause hearing, it fails to provide for discovery prior to the probable cause hearing, and it limits the scope of discovery throughout litigation to only such discovery as allowed by the trial judge.

    (3) The Act violates a prisoner's Fifth Amendment right to remain silent because the provisions of Code §§ 37.2-901 and -907 coerce prisoners to cooperate with the interview that is part of the mental health examination.

    (4) The Act violates the Eighth Amendment proscription against excessive bail because it provides for the prisoner's detention in prison beyond his established release date while the commitment litigation is pending.

    (5) The Commonwealth failed to prove by clear and convincing evidence that Garrett is a sexually violent predator.

On April 15, 2010, the Virginia Supreme Court refused Garrett's petition for appeal. Garrett v. Commonwealth, R. No. 092581. On December 7, 2010, petitioner had his first annual review of commitment and the Circuit Court of Fairfax County, Virginia recommitted petitioner as a sexually violent predator.

Petitioner did not file a state habeas petition attacking the constitutionality of his original commitment judgment.[1] However, on October 20, 2010, petitioner filed the instant federal

---

[1] It is worth noting petitioner has filed a state habeas corpus petition alleging various claims of ineffective assistance of counsel and other constitutional violations on behalf of his defense attorney during petitioner's annual review hearing. The Supreme Court of Virginia denied the petition on July 27, 2011. It is also worth noting that the claims in that petition are unrelated to the claims in the instant federal petition, as the claims in the state petition related to petitioner's

2

petition raising the following claims:[2]

> (1) The Act is punitive in nature and violates "the Code," the Eighth Amendment to the United States Constitution, and the petitioner's civil rights.
>
> (2) Petitioner's commitment is unconstitutional because he was confronted without a warrant or grand jury indictment in violation of the Fifth Amendment.
>
> (3) The Act violates the Thirteenth Amendment because it inflicts involuntary servitude as punishment, and results in various named dire consequences to the committed person if he refuses to work as directed.
>
> (4) The Act constitutes a bill of attainder in violation of the Constitution.
>
> (5) The Act is punitive because it provides for indefinite-length commitment.
>
> (6) Commitment under the Act is cruel and unusual punishment.
>
> (7) Commitment of Respondent [sic] violates his Fourteenth Amendments due process rights because he is not subject to this civil law, inasmuch as he has never signed a contract agreeing to be subject to it.
>
> (8) The Act deprives petitioner of his rights without a trial.
>
> (9) The Constitution does not permit detention based on sexual dangerousness.
>
> (10) The commitment process violates petitioner's First Amendment right to freedom of speech because psychologists operating in accordance with the Act use petitioner's own words against him.

---

recommitment hearing held on December 7, 2010, whereas the claims in the instant federal petition relate to petitioner's original commitment.

[2] As noted by the respondent, the instant federal petition was "highly repetitive and rather dramatically worded." Mot. to Dismiss at 2; ECF No. 15. Thus, the claims listed in this Memorandum Opinion are a more succinct summary of the somewhat rambling claims asserted by the petitioner.

(11) Interviewers operating in accordance with the Act violate petitioner's Fifth Amendment rights by interrogating him.

(12) The Act violates the Sixth Amendment because

    a. it provides that petitioner can be detained beyond his prison release date; and

    b. he cannot face his accusers.

(13) The Act violates the Seventh Amendment because it involves reexamination of facts previously determined in a trial by jury.

(14) The Act violates the Constitution because it is statutory law, not common law.

(15) The Act deprives petitioner of a republican form of government in violation of the Constitution because if given a choice, no sex offender would vote to be committed under it.

(16) The Act is invalid because it proceeds under "admiralty/maritime/equity jurisdiction" rather than the common law.

(17) Petitioner does not have a mental abnormality or personality disorder that would make him subject to commitment.

## II. Procedural Bar

Where a state court has determined that a claim has been procedurally defaulted, its finding is entitled to a presumption of correctness on federal habeas corpus review, provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate

state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

A. Claims (1), (11), and (17)

Under these principles, all of petitioner's claims are procedurally defaulted. First, petitioner arguably presented claims (1), (11), and (17) to the Supreme Court of Virginia in his petition for direct appeal, which the Supreme Court of Virginia refused as procedurally defaulted because the assignments of error were not preserved in the trial court as required by Virginia Supreme Court Rule 5:25.[3] The standard unpublished order of the Virginia Supreme Court did not expressly cite Rule 5:25.[4] However, under the circumstances, it is apparent that Rule 5:25 served as the basis for the Virginia Supreme Court's refusal of petitioner's appeal, as the only argument appellee raised in his brief in opposition to the appeal was that petitioner's assignments of error must be denied "because they were not properly preserved" in accordance with Rule 5:25. See State Brief in Opp. at 2. Based on this record, and the fact that Rule 5:25 is strictly enforced in Virginia, see Whitley v. Blair, 802 F.2d 1487, 1501 (4th Cir. 1986); Conquest v. Mitchell, 618 F.2d 1053 (4th Cir. 1990), it must be concluded that state procedural default was the basis for the Virginia Supreme Court's dismissal of petitioner's appeal. Furthermore, the Fourth Circuit has held that dismissal pursuant to Rule 5:25 constitutes an adequate and independent state law ground. Weeks v. Angelone, 176 F.3d 249, 270 (4th Cir. 1999); see also Wainwright v. Sykes,

---

[3] Even if it were determined that these claims were not the same claims raised in petitioner's direct appeal, the federal claims would be simultaneously exhausted and procedurally defaulted from federal habeas review as discussed in Section B, below.

[4] The standard unpublished Order read, in relevant part, "[u]pon . . . consideration of the argument submitted in support of and in opposition to the granting of an appeal, the Court is of the opinion that there is no reversible error in the judgment complained of." Garrett v. Commonwealth, R. No. 092581.

5

433 U.S. 72, 86-88 (1977). As such, claims (1), (11), and (17) must be dismissed as procedurally defaulted from federal habeas review because petitioner has not alleged cause and prejudice sufficient to excuse procedural default; nor has petitioner argued that a fundamental miscarriage of justice will result if his claims are not considered. Yeatts v. Angelone, 166 F.3d 255, 261-62 (4th Cir. 1999) (finding a federal habeas court's sua sponte dismissal of procedurally defaulted claims permissible where petitioner is provided notice and an opportunity to argue against dismissal).

B.   Petitioner's Remaining Claims

Petitioner did not present the remainder of his claims to the Supreme Court of Virginia, however, the claims are exhausted for purposes of federal review because a "claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, if "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence," this will "prevent[] federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

In this case, all of petitioner's remaining claims are of the type that, if true, would have been apparent to petitioner or his counsel at the time of trial, and thus should have been raised at trial or on direct appeal. Petitioner did not raise the claims at trial. Were petitioner now to attempt to raise the claims on direct appeal, they would be procedurally barred under Virginia Supreme Court Rule 5:17(a)(1), which states that a direct appeal from the trial court to the Virginia Supreme Court must be filed within "three months after the entry of the ordered appealed

from."[5] The Fourth Circuit has held that dismissal pursuant to Rule 5:17(a) constitutes an adequate and independent state law ground for decision. O'Dell v. Netherland, 95 F.3d 1214, 1244 (4th Cir. 1996). Petitioner does not allege cause and prejudice sufficient to excuse procedural default; nor has petitioner argued that a fundamental miscarriage of justice will result if his claims are not considered. Therefore, the remainder of petitioner's claims can be dismissed as simultaneously exhausted and procedurally defaulted pursuant to Virginia Supreme Court Rule 5:17(a)(1).[6] Yeatts, 166 F.3d at 261-62 (finding a federal habeas court's sua sponte dismissal of procedurally defaulted claims permissible where petitioner is provided notice and an opportunity to argue against dismissal).

---

[5] It must be noted that the United States Supreme Court has considered the constitutionality of civil commitment statutes similar to Virginia's on three occasions and has upheld the constitutionality of the statute of each occasion. See Kansas v. Crane, 534 U.S. 407 (2002); Seiling v. Young, 531 U.S. 250 (2001); Kansas v. Hendricks, 521 U.S. 356 (1997). The Supreme Court of Virginia has also considered attacks on the constitutionality of Virginia's civil commitment statute, including several challenges similar to those raised by the petitioner, and has found the Act to be constitutional. See Shivaee v. Commonwealth, 270 Va. 112, 613 S.E.2d 570 (2005) (finding that the definition of sexually violent predator in the Act did not violate substantive due process, the Act was not void for vagueness, the Act did not violate double jeopardy or the Ex Post Facto Clause, and the clear and convincing standard of proof did not violate substantive due process). In a trilogy of cases, the Supreme Court of Virginia reviewed the procedural and evidentiary requirements of the Act, and in each instance held that the requirements survived constitutional scrutiny. See Townes v. Commonwealth, 269 Va. 234, 609 S.E.2d 1 (2005); McCloud v. Commonwealth, 269 Va. 242, 609 S.E.2d 15 (2005); Commonwealth v. Allen, 269 Va. 262, 609 S.E.2d 4 (2005).

[6] Petitioner's claims would also be procedurally defaulted under Slayton v. Parrigan, if raised in a state habeas petition. 215 Va. 27, 205 S.E.2d 680 (1974) (holding that a claim is procedurally defaulted if the petitioner could have raised it on direct appeal but did not). The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997).

## VI. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed with prejudice as procedurally defaulted. An appropriate Order shall issue.

Entered this 11th day of January 2012.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

8